1        UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
2               (Asheville Division)

3

4  ---------------------------x
   UNITED STATES OF AMERICA,   :
5           Plaintiff,         :
                               :
6                              :
   vs                         :Criminal Action:1:16-CR-6
7                              :
   BENJAMIN ERNEST JOHNSON,    :
8           Defendant.         :
   ---------------------------x

9

10

11                              May 11, 2016
                                Asheville, North Carolina
12

13        The above-entitled action came on for a Plea/Rule
   11 Hearing Proceeding before the HONORABLE DENNIS LEE
14 HOWELL, United States Magistrate Judge, commencing at
   9:40 a.m.

15

16

           **APPEARANCES**:
17         On behalf of the Plaintiff:
           **DAVID A. THORNELOE, Esquire**
18         U. S. Attorney's Office
           100 Otis Street Suite 233
19         Asheville, North Carolina   28801

20         On behalf of the Defendant:
           **R. COREY B. ATKINS, Esquire**
21         Brazil & Burke, P.A.
           77 Central Avenue, Suite E
22         Asheville, North Carolina   28801

23

24
   Tracy Rae Dunlap, RMR, CRR              828.771.7217
25 Official Court Reporter

1                    **I N D E X**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                              <u>Page</u>

25  Reporter's Certificate ......................21

**P R O C E E D I N G S**

THE COURT: I'm now going to call our next case on the calendar which is the case of United States of America versus Benjamin Ernest Johnson, which is file 1:16-CR-6, and which is on the calendar for a Rule 11 or plea hearing. Mr. Johnson, I am advised that you have filed a written plea agreement in regard to the charges that are pending against you in this matter. As a result, I'm required to inquire and advise you concerning that agreement. I'm going to have to ask you some questions, and you're going to be required to personally respond to those questions under oath. So I need for you to stand up, please. Sir, put your left hand on the Bible, raise your right hand and take the oath to tell the truth from the clerk.

(Witness duly sworn at 9:41 a.m.)

**EXAMINATION**

BY THE COURT:

Q. I'm going to let you set down, sir. I've got several questions to go over with you, and I want you to be comfortable. Mr. Johnson, do you understand that you're under oath and that you are required to give truthful answers to the questions that I am about to ask you?

A. Yes, Your Honor.

1   Q.    Do you understand that if you give false

2   information under oath you may be prosecuted for perjury

3   or false statement?

4   A.    Yes, Your Honor.

5   Q.    After consulting with your attorney do you want

6   this court to accept your plea of guilty to Count Two as

7   contained in the Bill of Indictment?

8   A.    Yes, Your Honor.

9   Q.    Do you understand that you have the right to have

10   a United States district judge conduct this proceeding?

11   A.    Yes, Your Honor.

12   Q.    Recognizing your right to proceed before a

13   district judge do you expressly consent to proceed in

14   this court?  That is before a United States magistrate

15   judge?

16   A.    Yes, Your Honor.

17   Q.    Are you now under the influence of alcohol,

18   medicines or drugs of any sort?

19   A.    No, Your Honor.

20   Q.    There has been presented to me a document entitled

21   "Sealed Addendum to Entry and Acceptance of Guilty Plea"

22   which provides information to me concerning your name,

23   age, education and use of alcohol or drugs.  Did you

24   review that document with your attorney, and is all the

25   information that you provided in that document true and

1  accurate?

2  A.     Yes, Your Honor.

3  Q.     Is your mind clear and do you understand that

4  you're here to enter a plea of guilty to Count Two as

5  contained in the Bill of Indictment?

6  A.     Yes, Your Honor.

7  Q.     In the Bill of Indictment -- let me ask you this.

8  Have you received a copy of the indictment and have you

9  discussed its contents with your attorney Mr. Atkins?

10  A.     Yes, Your Honor.

11  Q.     In Count Two of the Bill of Indictment it is

12  alleged as follows:  From on or about February 26th 2014

13  through on or about February 28th 2014, in Buncombe

14  County, within the Western District of North Carolina and

15  elsewhere, Benjamin Ernest Johnson did knowingly

16  persuade, induce, entice and coerce, and did knowingly

17  attempt to persuade, induce, entice and coerce an

18  individual whom he believed to not yet have attained the

19  age of 18 years to engage in any sexual activities for

20  which any person could be charged with criminal offenses.

21  Those crimes, including employing and using a minor to

22  engage in sexually explicit conduct for the purpose of

23  producing a visual depiction of such conduct, in

24  violation of Title 18, United States Code, Section

25  2221(a), and in so doing using a facility and means of

1  interstate and foreign commerce, all in violation of

2  Title 18, United States Code, Section 2422(b).

3          Are you pleading guilty to that offense?

4  A.      Yes, Your Honor.

5  Q.      The law requires that I advise you of the

6  essential elements of such an offense.  Before I advise

7  you of those elements I am going to review with you the

8  statute and then go over the elements with you.  18,

9  United States Code, Section 2242(b) --

10          MR.  THORNELOE:  Your Honor, excuse me, it's 2422.

11          THE COURT:  Yeah, 18 -- 18, United States Code,

12  2242(b).

13          MR.  THORNELOE:  I'm sorry.  I heard Your Honor

14  say 2242.

15          THE COURT:  If I did, I was mistaken.

16          MR.  THORNELOE:  Thank you, Your Honor.

17                       **FURTHER EXAMINATION**

18          BY THE COURT:

19  Q.      Let me go over it again.  United States Code,

20  Section 22 -- 18 -- let me go over it again.  18 United,

21  States Code, 2422(b) reads as follows:  Whoever using the

22  mail or any facility or means of interstate or foreign

23  commerce, or within the special maritime and territorial

24  jurisdiction of the United States, knowingly persuades,

25  induces, entices, or coerces any individual who has not

1  attained the age of 18 years to engage in prostitution or

2  any sexual activity for which any person can be charged

3  with a criminal offense, or attempts to do so, shall be

4  fined under this title and imprisoned not less than ten

5  years or for Life.

6         The elements of the offense described in that

7  statute and as is described in Count Two of the Bill of

8  Indictment are as follows:

9         1.  That you knowingly used a facility of

10 interstate commerce transmission of communications by

11 means of the interstate through use of a computer

12 constitutes the use of interstate commerce;

13        2.  To knowingly persuade, induce, entice or

14 coerce;

15        3.  A person who is younger than 18 years of age

16 at the time;

17        4.  To engage in illegal sexual activity; and

18        5.  That you did such acts knowingly,

19 intentionally, willfully, and unlawfully.

20        Do you understand each element of the offense

21 charged in Count Two of the Bill of Indictment as I have

22 explained them to you?

23 A.     Yes, Your Honor.

24 Q.     Do you understand that if this matter went to

25 trial the government would be required to prove each

1  element of the offense charged beyond a reasonable doubt?

2  A.     Yes, Your Honor.

3  Q.     Do you understand that the government would be

4  required to prove that the -- that you committed such an

5  offense knowingly, intentionally, willfully, and

6  unlawfully?

7  A.     Yes, Your Honor.

8  Q.     I'm also required by law to advise you concerning

9  the maximum and any minimum penalties prescribed by law

10  for such an offense.  The maximum possible penalty for

11  this offense is a term of imprisonment of not less than

12  ten years nor more than Life imprisonment, a fine not to

13  exceed the sum of $250,000, or both, a term of supervised

14  release of not less than five years nor more than Life,

15  and a $100 special assessment.  Do you understand the

16  charges against you, including those maximum penalties

17  that you face if convicted?

18  A.     Yes, Your Honor.

19  Q.     Have you been advised by your attorney,

20  Mr. Atkins, that if you're not a citizen of the United

21  States your guilty plea may have adverse immigration

22  consequences?

23  A.     Yes, Your Honor.

24  Q.     Have you been advised be your attorney that if

25  you're not a citizen of the United States your guilty

1  plea may result in your deportation or removal from the

2  United States?

3  A.     Yes, Your Honor.

4  Q.     Do you understand that entering a plea of guilty

5  to a felony charge may deprive you, at least for a time,

6  of certain civil rights such as the right to vote, hold a

7  public office, serve on a jury, and possess a firearm?

8  A.     Yes, Your Honor.

9  Q.     Have you spoken with Mr.  Atkins about how the

10  United States sentencing guidelines may apply in your

11  case?

12  A.     Yes, Your Honor.

13  Q.     Do you understand that the district judge will not

14  be able to determine the applicable sentencing guideline

15  range until after your presentence report has been

16  prepared and you have had an opportunity to comment upon

17  it?

18  A.     Yes, Your Honor.

19  Q.     Do you understand that in some circumstances you

20  may receive a sentence that is different, that is either

21  higher or lower than that called for by the guidelines?

22  A.     Yes, Your Honor.

23  Q.     Do you understand that the Court may order

24  restitution where applicable?

25  A.     Yes, Your Honor.

1  Q.    Do you understand that if the sentence is more

2  severe than you expect or the Court does not accept the

3  government's sentencing recommendation you will still be

4  bound by your plea and have no right to withdraw the plea

5  of guilty?

6  A.    Yes, Your Honor.

7  Q.    Do you understand that parole has been abolished

8  in the federal system and that if you're sentenced to a

9  term of imprisonment you will not be released on parole?

10  A.    Yes, Your Honor.

11  Q.    If your sentence includes imprisonment, do you

12  understand that the district judge may also order a term

13  of what is called "supervised release?"

14  A.    Yes, Your Honor.

15  Q.    Do you understand that if you violate the terms

16  and conditions of supervised release, which typically

17  last from one to five years, you could be returned to

18  prison for an additional period of time?

19  A.    Yes, Your Honor.

20  Q.    Do you understand that you have a right to plead

21  "not guilty," to have a speedy trial before a judge and

22  jury, to summons witnesses to testify in your behalf, and

23  to confront witnesses against you?

24  A.    Yes, Your Honor.

25  Q.    If you exercised your right to trial you would be

1  entitled to the assistance of an attorney, you would not

2  be required to testify, you would be presumed innocent,

3  and the burden would be on the government to prove your

4  guilt beyond a reasonable doubt.  Do you understand all

5  of these rights?

6  A.     Yes, Your Honor.

7  Q.     By entering this plea of "guilty" you're waiving

8  or giving up all of these rights.  There will be no

9  trial.  If your plea of guilty is accepted there will be

10 one more hearing where the district judge will determine

11 what sentence to impose.  Do you understand all of these

12 rights?

13 A.     Yes, Your Honor.

14 Q.     Are you in fact guilty of the count in the Bill of

15 Indictment to which you have come to court today to plead

16 guilty?  That is, did you commit the acts described in

17 Count Two of the Bill of Indictment?

18 A.     Yes, Your Honor.

19        THE COURT:  Have the United States and the

20 defendant entered into a plea agreement in regard to this

21 case, Mr. Atkins?

22        MR. ATKINS:  Yes, Your Honor, we have.

23        THE COURT:  If you would please, Mr. Thorneloe,

24 would you present the terms of the agreement?

25        MR. THORNELOE:  Thank you, Your Honor.  The plea

1  agreement is in writing.  It's document number 15.  It
2  was filed on May 3rd 2016.  In paragraph 1, the defendant
3  agrees to enter a voluntary plea of guilty to Count Two
4  as set forth in the Bill of Indictment.  He admits to
5  being in fact guilty as charged in Count Two.
6        In paragraph 2, if the Court finds the defendant's
7  plea to be voluntarily and knowingly made and accepts the
8  plea then the United States will move at the appropriate
9  time to dismiss counts one, three and four.
10        In paragraph 4, the defendant understands that the
11 maximum penalties for Count Two are $250,000 fine, no
12 fewer than ten years' imprisonment, a maximum of Life,
13 and a maximum supervised release term of Life.
14        In paragraph 7, pursuant to Rule 11(C)(1)(b), the
15 parties recommend -- they will jointly recommend that the
16 Court make the following findings and conclusions as to
17 the sentencing guidelines:  That the government agrees
18 that defendant's entry of plea is timely for purposes of
19 the guidelines, that notwithstanding the foregoing
20 stipulations the United States and the defendant reserve
21 the right to argue in favor of any other enhancements or
22 reductions that may apply, that either party may seek a
23 departure or variance from the applicable guideline
24 range, that the United States will inform the Court and
25 the probation office of all facts pertinent to the

1    sentencing process and will present any evidence
2    requested by the Court.
3            Paragraph 7(e).  The defendant agrees to register
4    as a sex offender and agrees to the terms of sex offender
5    registration as laid out in that paragraph.
6            In paragraph 8 the defendant agrees to the
7    following with respect to financial disclosures, monetary
8    penalties, forfeiture, and restitution.
9            In paragraph 8(a) the defendant agrees to pay full
10   restitution in regards to the resulting loss amount to
11   all victims directly or indirectly harmed by the
12   defendant's relevant conduct, including conduct
13   pertaining to any dismissed counts or uncharged conduct
14   as defined by sentencing guideline 1B1.3 regardless of
15   whether such conduct constitutes an offense under 18,
16   United States Code, Sections 2259, 3663, or 3663(a).
17           In paragraph 19, the defendant -- concessions made
18   by the United States in the plea agreement, waives all
19   rights to contest the conviction and/or the sentence as
20   to except for, one, claims of ineffective assistance of
21   counsel or, two, prosecutorial misconduct.
22           In paragraph number 27 and 26, Your Honor, the
23   defendant agrees that the agreement is effective and
24   binding as signed by the defendant, and the defendant
25   agrees to the entry of this plea agreement at this court

1  hearing.

2        In paragraph 27 the defendant agrees there are no

3  agreements, representations or understandings between the

4  parties in this case other than those set forth in this

5  plea agreement or as noticed to the court during the plea

6  colloquy and contained in writing in a separate document

7  signed by all parties.

8        Other than the factual basis, Your Honor, there

9  are no other separate documents.  This agreement has been

10  signed by myself for the United States, by Mr.  Atkins,

11  the attorney for the defendant, and by Mr.  Johnson, the

12  defendant, on May 22nd 2016.

13        THE COURT:  Thank you, sir.

14                    **FURTHER EXAMINATION**

15        BY THE COURT:

16  Q.    Mr.  Johnson, do you understand those to be the

17  terms of the plea agreement and do you agree with those

18  terms?

19  A.    Yes, Your Honor.

20  Q.    Has the right to appeal your conviction and/or

21  sentence been expressly waived in the plea agreement?

22  A.    Yes, Your Honor.

23  Q.    Has the right to challenge your conviction and/or

24  sentence in a post-conviction proceeding also been

25  expressly waived in the plea agreement?

1  A.     Yes, Your Honor.

2  Q.     I believe your signature is on the plea agreement;

3  is that correct?

4  A.     Yes, Your Honor.

5  Q.     Are you aware that a document entitled "Factual

6  Basis" has been filed as an attachment to your plea

7  agreement, and that is document number 16 in the file?

8  A.     Yes, Your Honor.

9  Q.     Have you read this factual basis document and do

10 you understand it and agree with it?

11 A.     Yes, Your Honor.

12 Q.     Has anyone threatened, intimidated, or forced you

13 to enter your guilty plea today?

14 A.     No, Your Honor.

15 Q.     Other than the terms of your plea agreement has

16 anyone made you promises of leniency or a light sentence

17 to induce you to plead guilty?

18 A.     No, Your Honor.

19 Q.     Have you had enough time to discuss with

20 Mr. Atkins, your attorney, any possible defenses that

21 you have to these charges?

22 A.     Yes, Your Honor.

23 Q.     Are you satisfied with the services of Mr. Atkins

24 in this case?

25 A.     Yes, Your Honor.

1  Q.    Is there anything you'd like to say at this time

2  about the services of your attorney?

3  A.    No, Your Honor.

4  Q.    Have you heard and understood all parts of this

5  proceeding and do you still wish to plead guilty?

6  A.    Yes, Your Honor.

7  Q.    Would you like or do you have any questions or

8  statements that you'd like to make at this time?

9  A.    No, Your Honor.

10       THE COURT:  Mr. Atkins, have you reviewed each of

11  the terms of the plea agreement with Mr. Johnson and are

12  you satisfied that he understands those terms?

13       MR. ATKINS:  I am, Judge.

14       THE COURT:  Mr. Johnson, the majority of the

15  questions that I have asked you are contained in a

16  document entitled "Entry and Acceptance of Guilty Plea/

17  Rule 11 Proceeding."  As I was asking you the questions

18  that are contained within that document I was attempting

19  to accurately record your answers, but I will need for

20  you and Mr. Atkins to review this document and make sure

21  that I have indeed accurately recorded your answers.

22  More importantly, I need for you and Mr. Atkins to make

23  sure that the answers that you gave me to those questions

24  were truthful.  If, after review, you and he find that

25  the answers to the questions are both accurate and

truthful then I will need for you and he to sign this
document and to then return it back to me.

Based upon the representations and answers given
by the defendant and his attorney in this proceeding I
find that the defendant's plea is knowingly and
voluntarily made and that the defendant understands the
charges, the potential penalties, and the consequences of
his plea.  I further find that the defendant's plea is
supported by an independent basis in fact containing each
of the elements of the offense to which the defendant is
pleading guilty.  Based thereon, the defendant's plea is
hereby accepted.

In addition, I recommend that the district court
accept the defendant's plea and enter judgment thereon.
If you have any objection to my recommendation you have
14 days to file such objections in writing with this
court.  If you fail to object within that 14-day period
it shall be deemed a waiver of any such objection.  Let
me now provide that document to Ms. Wurst for filing.

It appears now that I must address 18, United
States Code, Section 3143 which is entitled "Release or
Detention of a Defendant Pending Sentence or Appeal."
Subsection (b) of that statute -- or, actually, (a)(2) of
that statute reads:  The judicial officer shall order
that a person who has been found guilty of an offense in

1  the case described in subparagraph (a), (b), or (c) of

2  subsection (F)(1) of Section 3142 and is awaiting

3  imposition or execution of sentence be detained, unless"

4  (a)(1) the judicial officer finds there's a substantial

5  likelihood that a motion for acquittal or new trial be

6  granted or, (2), attorney for the government has

7  recommended that no sentence of imprisonment be imposed

8  on the person, and the judicial officer by -- and (b) the

9  judicial officer finds by clear and convincing evidence

10  that the person is not likely to flee or pose a danger to

11  the safety of any other person or the community.

12         It appears that Mr. Johnson now has entered a

13  plea of guilty to an offense which is described in

14  3142(F)(1)(a), that being a crime of violence as provided

15  by 18, United States Code, Section 3156(c) and, thus, he

16  has entered a plea of guilty to one of those offenses.

17  Due to the plea of guilty I do not believe I can find

18  there's a substantial likelihood that a motion for

19  acquittal or new trial be granted. Mr. Thorneloe, will

20  an attorney for the government recommend that no sentence

21  of imprisonment be imposed on Mr. Johnson?

22         MR. THORNELOE: No, Your Honor.

23         THE COURT: As a result, I don't believe I have --

24  the statute's mandatory. I don't believe I have any

25  choice other than to order that Mr. Johnson be detained,

1    but I'll certainly hear from you about it Mr. Atkins.

2          MR. ATKINS: No, Your Honor. We just wish it to

3    continue for cause were something to arise we could rebut

4    that, but at this time we don't have anything.

5          THE COURT: All right. I'm going to have to then

6    enter an order revoking the terms and conditions of

7    Mr. Johnson and placing him in the custody of the

8    marshals. I'll place that order in writing. The

9    defendant would have 14 days in which he could give

10   notice of appeal. Notice of appeal would have to be in

11   writing and filed with the clerk's office.

12          Is there anything further from the government's

13   standpoint that we need to take up in regard to

14   Mr. Johnson's case?

15          MR. THORNELOE: Yes, Your Honor. I have a

16   consent order and judgment of forfeiture pertaining to

17   one piece of property, and it's been signed by myself, by

18   Mr. Atkins, and by the defendant.

19          THE COURT: All right. I have received a consent

20   order and judgment of forfeiture and it provides that

21   Mr. Johnson would be forfeiting to the United States a

22   Samsung Galaxy S3 cellular phone. The consent judgment

23   and -- order and judgment of forfeiture appears to have

24   been signed by Mr. Thorneloe, by Mr. Johnson, and

25   Mr. Atkins.

1       Was the Samsung Galaxy S3 cellular phone your

2   phone, Mr. Johnson?

3       THE DEFENDANT:  Yes, Your Honor.

4       THE COURT:  Do you understand that by -- when I

5   sign this that you would be forfeiting that item of

6   property to the United States?

7       THE DEFENDANT:  Yes, Your Honor.

8       THE COURT:  All right.  Let me sign that order.

9   It's been signed, and I'll give that to Ms. Wurst for

10  filing.  Now is there anything further?

11      MR. THORNELOE:  No, Your Honor.

12      THE COURT:  One other thing there is.  We need to

13  have Mr. Atkins review and sign a document for the

14  probation office in which he can select whether or not he

15  wishes to have Mr. Johnson interviewed by the probation

16  office as a part of the presentence process.  Our

17  electronics are not working today so you're going to have

18  to do it the old-fashioned way by paper.  I'm advised

19  that the document has been signed and it has now been

20  filed.

21      Anything further, Mr. Thorneloe, for the

22  government?

23      MR. THORNELOE:  No, Your Honor.

24      THE COURT:  How about for the defendant,

25  Mr. Atkins?

1        MR.  ATKINS:  No, Your Honor.

2        THE COURT:  All right.  That will complete all

3  proceedings for today in regard to Mr.  Johnson.  Good

4  luck to you, Mr.  Johnson.

5        THE DEFENDANT:  Thank you, Your Honor.

6               (Off the record at 10:02 a.m.)

7                   **CERTIFICATE**

8        I, Tracy Rae Dunlap, RMR, CRR, an Official Court
Reporter for the United States District Court for the

9  Western District of North Carolina, Charlotte Division,
do hereby certify that I transcribed, by machine

10  shorthand, the proceedings had in the case of UNITED
STATES OF AMERICA versus BENJAMIN ERNEST JOHNSON,

11  Criminal Action 1:16-CR-6, on May 11, 2016.

12        In witness whereof, I have hereto subscribed my
name, this 31st day of January, 2017.

13

                         __/S/__Tracy Rae Dunlap__

14                      TRACY RAE DUNLAP, RMR, CRR
                      OFFICIAL COURT REPORTER

15

16

17

18

19

20

21

22

23

24

25